(233 P.3d 286)
No. 101,986

DORIS POTEET, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed January 15, 2010.

*John D. Shultz*, of the Legal Services Bureau, of the Kansas Department of Revenue, for appellant.

*Jacob R. Pugh*, of Pugh & Pugh, of Wamego, for appellee.

Before MCANANY, P.J., ELLIOTT and LEBEN, JJ.

LEBEN, J.: Almost all appellate opinions include a section detailing the standard of review that applies to the decision under review. Many readers just skip over that discussion and move on to the substantive issue at hand. But the case now before us illus-

trates the importance of the standard of review both in its effect on the outcome of the case and its ability to keep our legal system one in which the rule of law prevails.

This case involves no factual disputes. Kansas Highway Patrol Trooper Jason Edie arrived on the scene of an auto accident shortly after the car's driver, Doris Poteet, had been put into a helicopter for transport to a hospital. Looking over the scene, Edie saw a car lying on its passenger side that looked as if it had been driven through a field and a barbed-wire fence before it rolled. Medical personnel told Edie that they smelled alcohol on Poteet and that she had admitted to drinking a couple of glasses of wine, but Edie had no direct contact with Poteet.

Edie had the Highway Patrol send another trooper to the hospital to obtain a blood sample from Poteet once she arrived there. That trooper got Poteet's consent, and the blood test showed her blood-alcohol concentration was 0.17, above the 0.08 legal limit for drivers. Edie said that he decided to test Poteet's blood because the Highway Patrol always takes a blood sample when a serious accident occurs. He testified that he suspected that she was driving under the influence of alcohol based solely on the medical personnel's statements. He also signed a certification that documented the grounds for believing that Poteet was driving under the influence of alcohol as the "odor of alcoholic beverages."

Two statutes are at issue here, and we apply them as they existed on the date of Poteet's accident, August 9, 2007. The first statute, K.S.A. 2007 Supp. 8-1001(b), provides that a law enforcement officer shall request a blood, breath, or other test if the officer has reasonable grounds to believe the person was driving under the influence of alcohol and one of several other factors is also present. The factor relied upon by the State in this case was that the person has been involved in a vehicle accident resulting in personal injury or death.

The second statute, K.S.A. 2007 Supp. 8-1002, requires an officer to document certain facts when a blood or breath test shows an alcohol concentration above legal limits. Among other things, the officer must certify that reasonable grounds existed to believe the person was driving under the influence of alcohol. The form

issued for this purpose by the Kansas Department of Revenue, called a DC-27 form, contains a spot where the officer can identify the factual basis for this conclusion, which is where Edie checked a box for "odor of alcoholic beverages."

Based on the blood-test result, the Kansas Department of Revenue suspended Poteet's driver's license for a year. She lost an administrative hearing and appealed to the district court, which ruled in her favor. Poteet raised only two issues before the district court. She lost one of those issues there—whether the person who drew her blood was properly authorized to do so—and that issue has not been presented to us on appeal. So her only challenge to the license suspension is her claim that Edie didn't have reasonable grounds to believe she was under the influence of alcohol; the district court accepted that challenge.

The district court heard testimony from two troopers and Poteet. The court then concluded that "Edie did not have reasonable grounds for believing that [Poteet] was under the influence of alcohol." The district court noted that the officer's certification referenced odor of alcohol as the only factual basis for believing Poteet was under the influence of alcohol and that odor of alcohol by itself doesn't constitute reasonable grounds. The Department of Revenue has appealed the district court's decision.

We turn then to the standard of review. When the district court has a trial on appeal of an administrative suspension of a driver's license, we generally review the district court's decision under a substantial-evidence standard. Under that standard, we determine whether substantial evidence supports the district court's decision. If so, we affirm it. See *Martin v. Kansas Dept. of Revenue*, 38 Kan. App. 2d 1, 5, 163 P.3d 313 (2006). Also, under that standard, we do not consider other evidence that might support a different result as long as sufficient evidence supports the district court's decision. See *In re Estate of Antonopoulos*, 268 Kan. 178, 193, 993 P.2d 637 (1999) (under substantial-evidence review, appellate court disregards evidence that might have supported a different conclusion than the district court made).

If we were to apply only the substantial-evidence standard of review here, it would seem that we'd be called upon to affirm the

district court's judgment. Edie testified that he only relied upon the odor of alcohol when he requested the breath test, and our court held in *City of Hutchinson v. Davenport*, 30 Kan. App. 2d 1097, 1101, 54 P.3d 532 (2002), that an odor of alcohol by itself didn't provide reasonable suspicion that a person was too intoxicated to drive safely.

But there's more to Poteet's case than an odor of alcohol. Edie also observed that her car had gone through a field and a barbed-wire fence before it rolled onto its side. In addition, a helicopter took Poteet to a hospital based on her injuries.

We are not required to ignore those undisputed facts because of additional aspects of the standard of review that apply in Poteet's case. When an issue involves a legal determination based upon undisputed facts, our review must consider those facts and be made without deference to the district court's conclusion. *State v. Jones*, 270 Kan. 526, 527, 17 P.3d 359 (2001); *Prewett v. Kansas Dept. of Revenue*, 2004 WL 1041355, at *1 (Kan. App. 2004) (unpublished opinion). Put another way, the determination of whether an officer has reasonable grounds for a particular action involves a mixed question of law and fact. In such cases, we must review the ultimate legal conclusion—whether reasonable grounds existed—independently, even though we must defer to the district court's factual findings. See *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009). Here no facts are disputed so we move directly to the legal question.

The independent review of the ultimate conclusion of whether reasonable suspicion, probable cause, or the like exists is "necessary if appellate courts are to maintain control of, and to clarify, the legal principles" at stake. *Ornelas v. United States*, 517 U.S. 690, 697, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996). Otherwise, one trial judge might determine, as occurred here, that Edie didn't have reasonable grounds based solely on the odor of alcohol. We would review only to see whether substantial evidence supported that conclusion. Finding that there was, we'd affirm. But another trial judge might determine that Edie had reasonable grounds based on both the odor of alcohol and the facts of the accident. We'd then affirm the opposite conclusion because it too had evidence sup-

porting it. But neither the public nor law enforcement officers would have rules to guide their conduct, and such varied results would be inconsistent with the rule of law. See *Ornelas*, 517 U.S. at 697.

We have independently considered whether Edie had the required "reasonable grounds" to believe Poteet was under the influence of alcohol when she had her accident, and we conclude that he did. In addition to the odor of alcohol, Poteet drove through a field and a barbed-wire fence; she so lost control of the car that it rolled onto its side. These facts certainly suggest an impaired driver.

Under K.S.A. 2007 Supp. 8-1001(b), Edie was required to seek a blood or breath test if he had reasonable grounds to believe that Poteet was driving under the influence and an accident causing personal injury or death occurred—only the reasonable grounds to believe Poteet was under the influence of alcohol is at issue here. The determination of reasonable grounds is similar to a determination of probable cause to make an arrest. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 775, 148 P.3d 538 (2006). Probable cause to arrest is reached when a reasonably prudent police officer would believe that guilt is "more than a mere possibility." *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431, 962 P.2d 1150, *rev. denied* 266 Kan. 1107 (1998). That standard was met here.

Poteet argues in her brief that the facts of the accident may not be considered because the officer didn't cite them on the DC-27 certification form. But our court recognized in *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 768, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988), that the facts contained in the certificate may be supplemented by testimony and that all of the factual information available to officers when the test was requested may be considered when determining whether the officers had a sufficient basis for the request. See also K.S.A. 2007 Supp. 8-1001(b) (collective knowledge of all officers may be considered when requesting test for alcohol). Edie was well aware of the facts we've noted when he requested the test—he'd observed them with his own eyes. Poteet also argues that Edie never talked directly to

Poteet and didn't even know the names of the medical personnel who told him about the odor of alcohol. But probable-cause determinations may be made based upon reliable hearsay information, and information provided by on-the-scene emergency personnel is sufficiently reliable. See *State v. Landis*, 37 Kan. App. 2d 409, 418-19, 156 P.3d 675, *rev. denied* 284 Kan. 949 (2007).

We also note that the legislature has indicated that an officer has probable cause to believe a person is under the influence of alcohol whenever the person operates a vehicle in such a manner as to cause serious injury to anyone, including the driver. K.S.A. 2007 Supp. 8-1001(k). Certainly the combination of the facts of Poteet's accident plus the reported odor of alcohol about her was sufficient.

We note briefly one other aspect of Edie's testimony that may have led in part to the district court's ruling. Edie maintained in his testimony that the only factor he had relied upon to support reasonable grounds was the odor of alcohol; he never cited the facts of the accident as a basis for his suspicion. The apparent reason for this appears to be that the Highway Patrol has a policy to take a blood sample in any case involving a serious accident, as Edie separately testified. We don't know whether that's an accurate statement of Highway Patrol policy since the statute requires both a serious accident and reasonable grounds to believe the person was operating the vehicle under the influence of alcohol. See K.S.A. 2007 Supp. 8-1001(b). Given Edie's understanding of the policy, however, it's not surprising on a practical level that Edie didn't think of the facts of the accident as a reason for his suspicion that Poteet was under the influence of alcohol—the policy essentially caused Edie to set those facts aside. But there's no question that Poteet drove through a field and a barbed-wire fence before the car rolled on its side, and there's also no doubt that Edie knew it. Edie's failure to cite the facts of the accident as a ground for his suspicion, either on the DC-27 form or in his testimony, does not eliminate those facts from proper consideration.

The judgment of the district court is reversed. The case is remanded with directions to enter judgment affirming the administrative suspension of Poteet's license.