NOT DESIGNATED FOR PUBLICATION

No. 115,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CASEY HEBBERD,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; GERALD T. ELLIOTT, judge. Opinion filed February 10, 2017. Reversed.

*Donald J. Cooper*, of Kansas Department of Revenue, for appellant.

*N. Trey Pettlon*, of Pettlon & Ginie, of Olathe, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Following Casey M. Hebberd's arrest for driving under the influence of alcohol, the Kansas Department of Revenue (KDOR) suspended Hebberd's driving privileges. Hebberd later challenged the suspension of his driver's license in the trial court. The trial court reversed the suspension of Hebberd's license, finding that the police lacked reasonable grounds to believe Hebberd was driving under the influence of alcohol. KDOR now appeals from the trial court's decision to reinstate Hebberd's driving privileges. KDOR argues that the trial court erred in finding that the police lacked reasonable grounds to believe Hebberd had been driving under the influence of alcohol.

1

Finding merit in KDOR's argument, we reverse the trial court's order and reinstate the administrative decision revoking Hebberd's driving privileges.

On March 23, 2015, at 3:07 a.m., a sergeant with the Mission Police Department in Johnson County, Kansas, saw a car traveling 80 miles per hour on Interstate 35 where the posted speed limit was 60 miles per hour. The police sergeant turned on his emergency lights and stopped the speeding car

When the sergeant first spoke to Hebberd he could smell alcohol. The sergeant asked Hebberd if he had consumed any alcohol that night. Hebberd stated that he had not consumed any alcohol that night. The sergeant also saw that Hebberd's eyes were bloodshot, but he noted that they were not watery or glazed. Hebberd told the sergeant that he was coming from a bar, where he had been playing music with his band. When the sergeant asked Hebberd for his driver's license, it took Hebberd several attempts to get it out of his wallet. Hebberd did not have any trouble producing his insurance card. Other than struggling to remove his license from his wallet, Hebberd did not show any signs of difficulty with his manual dexterity.

After a brief exchange at the window of Hebberd's car, the sergeant asked him to get out of his car. Hebberd got out of his car without any difficulty. He was not unsteady nor did he lean on his car or use it for balance. At no time did Hebberd exhibit any difficulty in keeping his balance. After Hebberd got out of his car, the sergeant administered the Horizontal Gaze Nystagmus (HGN) test. Hebberd was able to follow the sergeant's instructions during the HGN test. He was also able to follow the sergeant's stimulus with his eyes without moving his head. Hebberd was able to articulate and communicate with the sergeant clearly.

After the HGN test, the sergeant asked Hebberd to perform the walk-and-turn test. Hebberd then told the sergeant that he was not going to participate in any further testing.

2

Hebberd remarked that he did not trust the tests and that his wife, an attorney, told him not to take the tests. Hebberd declined to participate in the walk-and-turn test, the one-leg stand test, a test that required him to recite the alphabet from C to N, and a test that required him to count from 7 to 23. Hebberd also refused to take a preliminary breath test (PBT). At trial, the sergeant acknowledged that Hebberd was polite when declining to perform the field sobriety tests. The sergeant testified that refusing to perform tests is a possible indicator of impairment.

When Hebberd refused to perform the final field sobriety test requested, the sergeant placed him under arrest. The arrest occurred about 9 minutes after Hebberd was stopped. Hebberd was compliant and followed the sergeant's instructions. Hebberd did not become emotional, which the sergeant testified can be an indication of impairment. The sergeant's DC-27 report listed the reasonable grounds for arrest were that Hebberd smelled of alcohol and had bloodshot eyes. The sergeant marked that the odor of alcohol was strong.

KDOR revoked Hebberd's driving privileges at an administrative hearing. Hebberd filed a petition for review of the administrative decision in the Johnson County District Court. Hebberd's review was conducted by a bench trial. At the conclusion of the bench trial, the court held that the sergeant lacked reasonable grounds to believe Hebberd was driving under the influence. As a result, the trial court reversed the administrative decision to revoke Hebberd's driving privileges. KDOR filed a timely notice of appeal.

*Did the Police Sergeant Have Reasonable Grounds to Believe Hebberd was Driving Under the Influence of Alcohol?*

Generally, the trial court's decision in a driver's license suspension case is reviewed by the appellate court to determine whether it is supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d

3

135 (2012). If the trial court's decision is supported by substantial competent evidence, an appellate court will affirm. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 414, 233 P.3d 286 (2010) (citing *Martin v. Kansas Dept. of Revenue*, 38 Kan. App. 2d 1, 5, 163 P.3d 313 [2006]). "[W]e do not consider other evidence that might support a different result as long as sufficient evidence supports the district court's decision." *Poteet*, 43 Kan. App. 2d at 414 (citing *In re Estate of Antonopoulos*, 268 Kan. 178, 193, 993 P.2d 637 [1999]).

An appellate court, however, is not required to ignore undisputed facts in making its determination. See *Poteet*, 43 Kan. App. 2d at 415. Whether an officer had reasonable grounds for a challenged action involves a mixed question of law and fact. 43 Kan. App. 2d at 415. Thus, "we must review the ultimate legal conclusion—whether reasonable grounds existed—independently, even though we must defer to the district court's factual findings." 43 Kan. App. 2d at 415. "The independent review of the ultimate legal conclusion of whether reasonable suspicion, probable cause, or the like exists is 'necessary if appellate courts are to maintain control of, and to clarify, the legal principles' at stake." 43 Kan. App. 2d at 415 (quoting *Ornelas v. United States*, 517 U.S. 690, 697, 116 S. Ct. 1657, 134 L. Ed. 2d 911 [1996]).

Here, we are presented a case with mostly undisputed facts. The sergeant is the only witness who testified at trial. The only disputed evidence involves Hebberd's denial of having consumed any alcohol before he was stopped. The sergeant was adamant that he smelled alcohol on Hebberd's breath. Where most of the facts are not in dispute, the true question before us is whether the sergeant had reasonable grounds to believe Hebberd had been driving under the influence of alcohol. See *Landram v. Kansas Dept. of Revenue*, No. 104,790, 2012 WL 924803, (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1130 (2013).

4

K.S.A. 2015 Supp. 8-1001(b) mandates that a law enforcement officer shall request a person to submit to a one or more chemical tests to determine the level of alcohol in a person's system "[i]f, at the time of the request, the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . ."

Kansas courts will evaluate whether an officer had reasonable grounds by utilizing probable cause standards. *Swank*, 294 Kan. at 881. This court has defined probable cause "as a quantum of evidence which leads a prudent person to believe an offense had been or was being committed. [Citation omitted.]" *State v. Keenan*, 50 Kan. App. 2d 358, 364, 325 P.3d 1192 (2014), *aff'd* 304 Kan. 986, 377 P.3d 439 (2016). Probable cause is determined by considering the totality of the circumstances known to the law enforcement officer, including the fair inferences that could be reasonably drawn from those circumstances. *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012) (citing *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 656-57, 256 P.3d 845 [2011]).

In considering the totality of the circumstances, we must remember that "an officer does not have to negate every potential innocent explanation before the officer can have reasonable grounds to believe that a person has committed a crime. [Citations omitted.]" *Landram*, 2012 WL 924803 at *3. Put another way, "[w]hen the issue is probable cause, a district court may not explain away all inferences of guilt by concluding that each of them could have an innocent explanation." *Burroughs v. Kansas Dept. of Revenue*, No. 96,549, 2007 WL 3085363 (Kan. App. 2007) (unpublished opinion). Furthermore, a finding of reasonable grounds does not mean that a driver has exhibited every possible sign of intoxication. *McClure v. Kansas Dept. of Revenue*, No. 109,025, 2013 WL 5870119 (Kan. App. 2013) (unpublished opinion).

On appeal, KDOR argues that the trial court improperly "focused only on the two factors marked on the DC27 . . . as the only factors to consider in determining [the sergeant's] reasonable grounds belief." The sergeant indicated on the DC-27 form that the reasonable grounds for believing Hebberd had been driving under the influence were his bloodshot eyes and the strong odor of alcohol. KDOR goes on to argue that "there is insufficient evidence to support the trial court's conclusion," and "[t]he narrow review by the Judge did not take into consideration the other evidence presented at trial. . . ."

After hearing arguments on what facts he should be taking into consideration in determining whether reasonable grounds existed, the trial judge stated that he was going to "put this issue to bed . . . ." Without mention of the specific facts he was relying on, the trial judge held that the sergeant did not have reasonable grounds to believe Hebberd had been driving under the influence. The trial judge then told the parties that it would not "bother [him] in the slightest" if they asked an appellate court to review his judgment and findings, admitting that maybe he was "picking at it the wrong way."

Turning to the standards that must be applied, we reiterate that the test for reasonable grounds demands consideration of the totality of the circumstances. *Sloop*, 296 Kan. at 20. Moreover, this court has expressly held that the facts found in a DC-27 form "may be supplemented by testimony and that all of the factual information available to officers when the test was requested may be considered . . . ." *Poteet*, 43 Kan. App. 2d at 416. After reviewing the totality of the circumstances it becomes clear that the trial judge may have considered only the facts found on the DC-27 form. Thus, he was indeed "picking at it the wrong way." We will examine the uncontroverted evidence presented at trial to determine the question before us. In doing so, we give no deference to the trial court's legal conclusion.

DUI cases often involve unique sets of facts. As a result, in determining whether a law enforcement officer had reasonable grounds to believe an individual had been driving

6

under the influence of alcohol, it can be a difficult task. To illustrate, DUI cases require consideration of the totality of the circumstances, which necessarily requires us to look across multiple cases to determine the weight of the individual circumstances. We must consider the facts known to the sergeant when he stopped Hebberd's car.

Hebberd was stopped at 3:07 a.m. for speeding. He was driving 80 miles per hour where the posted speed limit was 60 miles per hour. Both the time of night and the traffic violation of speeding may properly be considered indicators of impairment. See *Kohn v. Kansas Dept. of Revenue*, No. 103,703, 2011 WL 768000, at \*2 (Kan. App. 2011) (unpublished opinion) (fact that stop occurred after 1 a.m. was a factor supporting reasonable grounds); *Nunemaker v. Kansas Dept. of Revenue*, No. 105,528, 2011 WL 5143136, at \*3 (Kan. App. 2011) (unpublished opinion) (defendant driving 40 miles per hour in a 30 miles per hour zone was a factor supporting reasonable grounds); *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431, 962 P.2d 1150 (1998) (defendant's driving 72 miles per hour in a 55 miles per hour zone at 1:10 a.m. was a factor supporting probable cause to arrest for driving under the influence). Thus, the time of night and the fact that Hebberd was driving 20 miles per hour over the posted speed limit weigh in favor of finding that he had been driving under the influence of alcohol.

The sergeant also saw that Hebberd's eyes were bloodshot, which has been accepted as an indication of impairment in determining whether reasonable grounds exist. See *Campbell*, 25 Kan. App. 2d at 431 (defendant's bloodshot eyes were a factor supporting probable cause to arrest for driving under the influence); *Nunemaker*, 2011 WL 5143136, at \*2 (defendant's bloodshot eyes were a factor supporting reasonable grounds). Thus, the fact that Hebberd's eyes were bloodshot is a factor that weighs in favor of finding that he had been driving under the influence of alcohol.

Next, the sergeant noticed that Hebberd struggled to retrieve his license from his wallet when the sergeant requested it. Struggling to produce requested documentation has

been considered in the totality of the circumstances to indicate impairment. See *State v. Huff*, 33 Kan. App. 2d 942, 946, 111 P.3d 659 (2005) (defendant fumbling with his wallet considered in upholding conviction for driving under the influence). Thus, Hebberd's struggle with his wallet weighs in favor of finding that he had been driving under the influence of alcohol.

The sergeant also testified that Hebberd smelled of alcohol. When the sergeant asked Hebberd if he had been drinking, Hebberd stated that he had not consumed any alcohol that night. Hebberd did admit that he was coming from a bar, though he told the sergeant that he was only at the bar because he had been playing in a band. The odor of alcohol is an accepted indicator of impairment. See *Campbell*, 25 Kan. App. 2d at 431 (odor of alcohol on defendant was a factor supporting probable cause to arrest for driving under the influence); *Sjoberg v. Kansas Dept. of Revenue*, No. 103,937, 2012 WL 3966511, at *8 (Kan. App. 2012) (unpublished opinion) (odor of alcohol on defendant was a factor supporting reasonable grounds). Thus, the odor of alcohol on Hebberd weighs in favor of finding that he had been driving under the influence of alcohol.

Moreover, as KDOR points out, an individual's false statements may also be taken into account in determining whether an officer had reasonable grounds. See *Landram*, 2012 WL 924803, at *3 ("[f]alse statements about matters within a person's knowledge that are material to whether he or she has committed a crime may be considered as one factor giving reasonable grounds to believe the person has done something criminal"). In *Landram*, the court considered the defendant's statements false because they were contrary to the evidence known to the officer. Here, Hebberd admitted that he had been at a bar, and the sergeant could smell the odor of alcohol coming directly from Hebberd for the entirety of the stop. Thus, the evidence tends to show that Hebberd was not telling the truth when he denied having consumed any alcohol. For this reason, where evidence to the contrary exists, Hebberd's denial of having drank alcohol weighs in favor of finding that he had been driving under the influence of alcohol.

Finally, after the sergeant administered the HGN test, Hebberd told the sergeant that he would not participate in any more field sobriety tests. Hebberd specifically refused to perform the walk-and-turn test and the one-leg stand test. He also specifically refused to recite the alphabet from C to N and count from 7 to 23. Finally, he refused to take a PBT. Refusal to perform field sobriety tests may be considered as an indicator of impairment. See *State v. Rubick*, 16 Kan. App. 2d 585, 588, 827 P.2d 771 (1992) (defendant's refusal to perform field sobriety tests admissible at trial for driving under the influence); *Huff*, 33 Kan. App. 2d at 946. Hebberd refused to submit to the tests first because he was on the shoulder of a highway. Then, Hebberd told the sergeant that he did not trust the tests. Finally, he told the sergeant that his wife is an attorney, and she told him not to take any tests. Thus, Hebberd's refusal to perform the field sobriety tests weighs in favor of finding that he had been driving under the influence.

We, however, acknowledge that there were facts presented at trial offered to explain the circumstances previously cited. For instance, the sergeant acknowledged that Hebberd's bloodshot eyes could have been because of the early morning hour. Moreover, Hebberd stated that he was out only because he had been playing music with his band at a bar. Again, though, we must note that "an officer does not have to negate every potential innocent explanation before the officer can have reasonable grounds to believe that a person has committed a crime. [Citations omitted.]" *Landram*, 2012 WL 924803, at *3.

In addition to the innocent explanations offered at trial, testimony was produced that would tend to show that Hebberd was not impaired—he never lost his balance, he showed manual dexterity, he spoke clearly, he was not emotional. In response to those facts we recall that when determining whether an officer had reasonable grounds to believe an individual had been driving under the influence of alcohol, "it is not necessary that the driver exhibit every sign of possible intoxication. It is sufficient that the police officer observe enough signs of intoxication to make a reasonable police officer believe

9

the driver was operating a vehicle while under the influence of alcohol." *McClure*, 2013 WL 5870119, at *4.

Here, we conclude that the sergeant observed enough signs of intoxication to have reasonable grounds to believe Hebberd had been driving under the influence of alcohol. Thus, even with the innocent explanations and other evidence that may have indicated Hebberd was not impaired, the totality of the circumstances show that the sergeant had reasonable grounds to believe Hebberd had been driving under the influence of alcohol.

Reversed.