NOT DESIGNATED FOR PUBLICATION

No. 116,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHON M. PENTLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed November 17, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*James Antwone Floyd*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Jonathon M. Pentlin appeals the district court's revocation of his probation without imposing intermediate sanctions.

On February 24, 2016, Pentlin pled guilty to one count each of possession of marijuana with intent to distribute, a severity level 3 drug felony; possession of methamphetamine, a severity level 5 drug felony; and possession of drug paraphernalia, a class A nonperson misdemeanor. The district court granted Pentlin's motion for a dispositional departure and sentenced him to 36 months' probation with an underlying prison sentence of 51 months.

1

Approximately five months later, the State moved to revoke Pentlin's probation, alleging he had violated the conditions of his probation by (1) submitting a positive urinalysis for marijuana; (2) being arrested on three separate occasions in Missouri; (3) failing to obtain a substance abuse evaluation; (4) failing to comply with his supervising agency; and (5) failing to pay court costs. At his probation revocation hearing, Pentlin stipulated to testing positive for marijuana, failing to obtain a substance abuse evaluation, and being arrested in Missouri. He explained, however, that he was unable to get the evaluation because of a medical issue.

The district court found it was in the interests of public safety and Pentlin's own welfare to revoke his probation. The court explained Pentlin had had many problems since the start of his probation. He had tested positive for marijuana, failed to get a substance abuse evaluation, and failed to pay court costs. The court noted Pentlin wanted to continue to live in Missouri, but Missouri would not supervise his probation due to noncompliance. Pentlin had also been arrested for several crimes, at least one of which was violent. The court revoked Pentlin's probation and imposed the underlying sentence without imposing an intermediate sanction. Pentlin appeals.

Pentlin argues the district court abused its discretion when it revoked his probation. He contends his arrests do not provide substantial competent evidence that he posed a danger to society because he had not yet been convicted of those offenses. He also asserts that the court erred in finding probation would not serve his interests and alleges his failures to comply with probation were due to a hospitalization. The State counters that a reasonable person could agree with the court's decision to revoke Pentlin's probation and substantial competent evidence supported that decision.

Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan.

1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Whether the district court properly imposed a sentence after revoking probation is a question of law over which this court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Generally, a district court may revoke probation and impose an underlying sentence only after imposing a graduated sequence of intermediate sanctions. K.S.A. 2016 Supp. 22-3716(c)(1). A court may bypass intermediate sanctions and impose an underlying sentence if "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(9). Here, the district court bypassed intermediate sanctions and revoked Pentlin's probation based on findings that doing so was in the interests of both public safety and Pentlin's own welfare.

On appeal, Pentlin is essentially arguing that the district court abused its discretion by basing its decision to impose his underlying sentence on an error of fact. The court commits an error of fact when it exercises its discretion based on a factual finding that is not supported by substantial competent evidence. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Thus, we must review the district court's findings to determine if it set forth with particularity the reasons for its findings under K.S.A. 2016 Supp. 22-3716(c)(9) and if substantial competent evidence supports those reasons.

Here, the district court first found that Pentlin's continued probation would jeopardize the safety of the public. The court noted Pentlin had pled guilty to serious drug offenses, but he had received the benefit of a dispositional departure to probation. Despite this, he had tested positive for marijuana, failed to get a substance abuse evaluation, and

3

had not paid any court costs. Additionally, Pentlin wanted to continue living in Missouri, but Missouri would not supervise his probation. This meant Kansas would supervise Pentlin's probation, but Kansas would have little authority over him while he was in another state. On top of all this, Pentlin had been arrested three more times in Missouri. The offenses included simple assault, disorderly conduct, and destruction of property. The court noted the offenses were either crimes of violence or indicated Pentlin's inability to control his behavior. This is all substantial competent evidence that allowing Pentlin to continue on probation would jeopardize public safety.

Pentlin argues the district court should not have considered his Missouri arrests in reaching its conclusion because he had not yet been convicted of those offenses. In *State v. Kelly*, No. 115,525, 2017 WL 840259, at *4 (Kan. App. 2017) (unpublished opinion), the court held that a district court did not err in considering arrests on probation when making a public safety finding under K.S.A. 2016 Supp. 22-3716(c)(9). Additionally, Pentlin's Missouri arrests were not the sole reason the district court cited in making its finding. The court also considered his continued drug use, his failure to comply with the terms of his probation, and his unwillingness to move to Kansas so he could be properly supervised.

However, even if we were to find substantial competent evidence did not support the district court's finding that probation revocation was in the interest of public safety, the court also found that continued probation would not serve Pentlin's own welfare. The court stated that Pentlin "has done nothing in the . . . interest of his own welfare" during his time on probation. It noted Pentlin had failed to do anything to address his drug problem, and the only way to ensure he would do so was to take away any choice he had in the matter. Additionally, the court pointed out that Pentlin had continued to use drugs.

Pentlin argues substantial competent evidence does not support this finding either. He points to his testimony at the revocation hearing that he had originally set up a

substance abuse evaluation. He had to cancel the appointment, however, because he had a tooth infection that put him in the hospital. Because he was working at the time and was later incarcerated due to his arrests, he was unable to reschedule. He contends that because he had originally set up an appointment for an evaluation but became ill, the court unreasonably concluded he had "done nothing" to pursue his welfare.

Under the substantial competent evidence standard, we "do not consider other evidence that might support a different result as long as sufficient evidence supports the district court's decision." *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 414, 233 P.3d 286 (2010). Pentlin stipulated he had not obtained a substance abuse evaluation, and he had tested positive for marijuana. This supports the district court's conclusion. Furthermore, Pentlin had at least two months to obtain a substance abuse evaluation. Even if we considered the evidence of Pentlin's illness and his one canceled appointment, this would not seriously undermine support for the district court's conclusion.

Lastly, Pentlin claims the district court appears to have revoked his probation solely because of the judge's personal frustration that K.S.A. 2016 Supp. 22-3716 did not provide a mechanism to revoke probation for a first violation by someone who had received a dispositional departure. He points to the judge's statement during the hearing: "He received the benefit of a dispositional departure in this case, yet people in his situation are entitled to the same tier consideration as someone who had no criminal history whatsoever and was presumptive probation. That doesn't seem right to me." The judge later acknowledged, however, that this was the way the statute worked regardless of his personal feelings on the matter.

We find that the use of the fact that Pentlin had not paid his court costs was not appropriate. There was no evidence that he could have paid the court costs but just did not do so. However, there were four other reasons to revoke his probation.

5

Affirmed.

\* \* \*

ATCHESON, J., concurring:  I concur in result affirming the Wyandotte County District Court's revocation of Defendant Jonathon M. Pentlin's probation.