NOT DESIGNATED FOR PUBLICATION

No. 120,982

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOEL LAUB,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed November 27, 2019. Affirmed.

*John W. Thurston*, of Addair Thurston, Chtd., of Manhattan, for appellant.

*Ted E. Smith*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: Joel Laub appeals the district court's decision to uphold the suspension of his driver's license, claiming the officer lacked reasonable suspicion to stop him. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

At 1 a.m. on April 1, 2018, while Officer Brian Dow was on routine traffic patrol near the Aggieville business district in Manhattan, Dow witnessed Laub turn right from 11th Street onto Bluemont Avenue. As Laub turned, the vehicle's right rear tire drove

1

over the curb and up onto the sidewalk. Dow initiated a traffic stop and, after Laub failed a preliminary breath test, arrested Laub for driving under the influence. Due to Laub's subsequent evidentiary breath test failure, Dow provided Laub with notice of administrative procedures to suspend his driver's license. Laub requested an administrative hearing on his license suspension.

After a hearing, the KDOR hearing officer affirmed the suspension of Laub's driver's license. Laub then sought judicial review by the district court. The district court held a de novo hearing in which Dow's testimony was the only evidence presented. According to Dow, Laub's right rear tire "completely left the roadway up on to the sidewalk, crosswalk area, and then back down onto the roadway." Dow recognized the action probably fit a number of different ordinances but could not point to a specific violation at that time. Dow testified that, in retrospect, Laub's driving would have fallen under the inattentive driving ordinance as Laub had admitted to Dow that he was distracted. Dow also indicated that safety was a concern because that area usually has heavy pedestrian traffic at that time of night.

The district court recognized that time and place were contributing factors to determining reasonable suspicion and found it was not unusual for Dow not to know the specific violation but that the activity could violate several different ordinances. The district court held that—based on Dow's training and understanding of the law—there was reasonable and articulable suspicion to make the stop.

Laub timely appeals.

DID THE DISTRICT COURT ERR BY FINDING REASONABLE SUSPICION EXISTED?

On appeal, Laub argues the district court erred when it found reasonable suspicion existed for Dow to stop him. Laub argues a single curb-check is not enough to constitute reasonable, articulable suspicion to support a traffic stop.

We review "a district court's decision in a driver's license suspension case to determine whether it is supported by substantial competent evidence." *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.' . . . [We do] not reweigh the evidence, assess the credibility of witnesses, or resolve conflicts in evidence." *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). If sufficient evidence exists to support the district court's decision, "we do not consider other evidence that might support a different result." *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 414, 233 P.3d 286 (2010). Legal conclusions drawn from the evidence are subject to unlimited review. See *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011). In a driver's license suspension case, the licensee has "the burden to show that the decision of the agency should be set aside." K.S.A. 2018 Supp. 8-1020(q).

The Fourth Amendment to the United States Constitution requires "'some minimal level of objective justification'" for an officer to make a stop, and the officer "must be able to articulate something more than an 'inchoate and unparticularized suspicion or "hunch."'" *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989). Facts are sufficient when articulable and supported by the training and experience of the officer. *State v. Field*, 252 Kan. 657, 664, 847 P.2d 1280 (1993). "'What is reasonable is based on the totality of the circumstances and is viewed in terms as understood by those versed in the field of law enforcement.'" *State v. DeMarco*, 263 Kan. 727, 734, 952 P.2d 1276 (1998).

An officer can initiate a traffic stop based on the reasonable suspicion that a traffic violation occurred. *Rodriquez v. United States*, 575 U.S. ___, 135 S. Ct. 1609, 1621, 191 L. Ed. 2d 492 (2015). A law enforcement officer may stop a person in a public place if the officer reasonably suspects the person "is committing, has committed or is about to commit a crime." K.S.A. 22-2402(1). "Reasonable suspicion is a lower standard than probable cause . . . [and] 'represents a "minimum level of objective justification" which is "considerably less than proof of wrongdoing by a preponderance of the evidence."'" *City of Atwood v. Pianalto*, 301 Kan. 1008, 1011, 350 P.3d 1048 (2015). A concern for public safety is an important factor to consider when analyzing reasonable suspicion. See *City of Dodge City v. Hadley*, 262 Kan. 234, 247, 936 P.2d 1347 (1997).

Under Kansas law, a person may not drive a vehicle on a sidewalk or sidewalk area except when using a permanent driveway or an authorized temporary driveway. K.S.A. 8-1575. Manhattan Municipal Code §31-18 also prohibits unsafe and inattentive driving. Laub was driving in the early morning hours in an area with several bars which was frequently busy with pedestrians at that time of night. When he turned right, Laub's right rear tire drove over the curb, onto the sidewalk, and across the crosswalk area before returning to the street. Although nobody was harmed or almost harmed when Laub drove over the curb, Dow was concerned that pedestrians could be at risk. In light of both the statute and the city ordinance, Laub's actions gave Dow the reasonable suspicion he needed to stop Laub's vehicle.

Laub tries to persuade us otherwise by relying on two Kansas Court of Appeals cases to support his argument that a single curb or fog-line touch will not constitute reasonable suspicion alone to justify a stop. In *State v. Hess*, 37 Kan. App. 2d 188, 153 P.3d 557 (2006), Hess was stopped after the officer observed him driving close to the lane divider lines and the officer believed the vehicle occasionally drove upon or touched the lines. The officer's justification for the stop was Hess was "'hugging the line.'" 37 Kan. App. 2d at 192. The panel held the traffic stop was not lawful, noting hugging the

4

line was not sufficient to support reasonable suspicion and ultimately finding the officer only had "an unparticularized hunch" that was not objectively reasonable. 37 Kan. App. 2d at 193-94.

Laub also relies on *State v. Ross*, 37 Kan. App. 2d 126, 149 P.3d 876, *rev. denied* 284 Kan. 950 (2007), where Ross was stopped after the officer witnessed his car cross over the fog line once. The panel found K.S.A. 8-1522(a) only required Ross to maintain his lane "'as nearly as practicable.'" 37 Kan. App. 2d at 129. The panel stated the officer was not just required to believe that Ross' vehicle moved from his lane of travel, but also that the vehicle left its lane when it was not safe to do so. 37 Kan. App. 2d at 130. Because the officer could not point to any facts beyond the tire crossing the fog line once, the officer did not have reasonable suspicion Ross "mov[ed his] vehicle from its lane of travel without first ascertaining that it could be done safely." 37 Kan. App. 2d at 131.

But *Hess* and *Ross* are distinguishable. Hess approached the lane divider line and possibly touched it without crossing the line; Ross crossed the fog line once. Neither case describes Laub's driving. Laub did not approach the curb or touch it with his tire. Instead, Laub's right rear tire drove over the curb and onto the sidewalk. Laub's actions are more than the single curb-check that Laub describes in his brief.

Finally, Laub cites to *City of Wichita v. Molitor*, 301 Kan. 251, 341 P.3d 1275 (2015), to suggest running over a curb does not amount to reasonable suspicion of intoxication that would warrant a request for a preliminary breath test. But, Molitor did not challenge the initial justification for the stop; instead, the issue was whether reasonable suspicion existed to request a preliminary breath test. Here, Laub only challenges the initial justification for his traffic stop, not whether reasonable suspicion existed for Dow to request a preliminary breath test.

5

Based on Dow's observations, he was able to point to several specific factors that led him to a reasonable suspicion that Laub had violated traffic ordinances and was driving inattentively. Under the circumstances of the case, the district court did not err in finding Dow had reasonable suspicion to stop Laub.

Affirmed.