(962 P.2d 1150)

No. 78,110

TODD L. CAMPBELL, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee/Cross-appellant*.

Opinion filed August 28, 1998.

*Michael S. Holland*, of Russell, for appellant.

*Brian Cox*, of Kansas Department of Revenue, for appellee/cross-appellant.

Before MARQUARDT, P.J., GERNON and KNUDSON, JJ.

KNUDSON, J.: Todd L. Campbell appeals the district court's judgment granting the Kansas Department of Revenue's (KDR) motion for involuntary dismissal after Campbell had presented his evidence, the court concluding that "upon the facts and the law the plaintiff has shown no right to relief." K.S.A. 60-241(b).

On appeal, Campbell argues the district court erred in concluding: (a) that as a matter of law the testing procedure used to determine the alcohol concentration in Campbell's breath was reliable; (b) that Campbell was not subject to an illegal search and seizure, requiring suppression of field sobriety tests and breath test results; and (c) that the arresting officer did not misrepresent Kansas law in giving Campbell the implied consent advisory under K.S.A. 1997 Supp. 8-1001.

Campbell's central argument is that the results from a single breath test are not scientifically reliable and, therefore, should not be admitted into evidence. This argument was recently considered and firmly rejected by a panel of this court in *Meehan v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 183, 192-94, 959 P.2d 940 (1998), *rev. denied* July 9, 1998. We find persuasive the reasoning in *Meehan* and conclude that the district court did not err in its determination that as a matter of law the single test procedure authorized under Kansas law is not scientifically unreliable and, therefore, inadmissible.

Campbell next complains that the arresting officer lacked probable cause to believe Campbell had been driving under the influence when he was asked to perform field coordination tests. Campbell argues that the State then pulled itself up by its bootstraps, relying upon the results of the field sobriety tests to support probable cause to arrest for DUI. The district court found that the arresting officer did have probable cause to support Campbell's arrest for DUI before requesting he perform field sobriety tests.

Our standard of review as to this issue is whether there is substantial competent evidence to support the district court's judgment. See *State v. Haskins*, 262 Kan. 728, 731, 942 P.2d 16 (1997).

Campbell was approached by the arresting officer after being observed driving his vehicle 72 miles per hour in a 55 mile per hour zone at approximately 1:10 in the morning. Upon approaching Campbell, the officer could smell liquor on his breath, and Campbell admitted having had a few drinks. His eyes appeared glazed and blood shot.

K.S.A. 22-2401 provides the statutory requirements for making a warrantless arrest. We assume Campbell's arrest was for a first DUI offense, a class B misdemeanor; thus, K.S.A. 22-2401(c)(2)(A) and (B) are applicable.

Probable cause to arrest is that quantum of evidence that would lead a reasonably prudent police officer to believe that guilt is more than a mere possibility. See *City of Dodge City v. Norton*, 262 Kan. 199, 203-04, 936 P.2d 1356 (1997).

We have already stated the observations made by the arresting officer immediately after he had contact with Campbell. We be-

lieve those observations were more than sufficient to satisfy a reasonably prudent police officer that Campbell had been driving under the influence. Consequently, we conclude that the district court did not err in holding that the arresting officer had probable cause to arrest Campbell prior to the giving of the field sobriety tests.

In arriving at the above conclusion, we accept at face value Campbell's premise that probable cause to arrest for DUI must be shown before field sobriety tests are to be given. This is far from a settled issue. A persuasive argument can be made that only a particularized suspicion should be required. See *State v. Superior Court*, 149 Ariz. 269, 276, 718 P.2d 171 (1986); *State v. Lamme*, 19 Conn. App. 594, 599-600, 563 A.2d 1372 (1989), *aff'd* 216 Conn. 172, 579 A.2d 484 (1990); *State v. Wyatt*, 67 Haw. 293, 304-05, 687 P.2d 544 (1984); *State v. Little*, 468 A.2d 615, 617-18 (Me. 1983). But see *People v. Carlson*, 677 P.2d 310, 316-17 (Colo. 1984) (probable cause required before the administration of roadside sobriety test).

Likewise, we have not considered whether Campbell gave voluntary consent to perform the field sobriety tests as that issue was neither squarely before the district court nor given consideration in its findings and conclusions.

Campbell's final contention is that the arresting officer misrepresented Kansas law by advising Campbell that he was required to submit to the requested breath testing. The district court found that Campbell failed to present any evidence to support this contention. This negative finding will not be disturbed on appeal. See *Kansas Pipeline Partnership v. Kansas Corporation Comm'n*, 24 Kan. App. 2d 42, 52, 941 P.2d 390 (1997), *rev. denied* September 25, 1997.

Affirmed.