NOT DESIGNATED FOR PUBLICATION

No. 120,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT MYRL BUTLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; ROSS R. MCILVAIN, magistrate judge. Opinion filed November 8, 2019. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Brett D. Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM:  Robert Butler appeals his convictions of driving under the influence (DUI) and speeding. On appeal, Butler contends that the trial court erred in denying his motion to suppress because the law enforcement officer lacked probable cause to arrest him for DUI. Nevertheless, because probable cause existed that Butler was under the influence of alcohol or drugs when he was arrested, we reject this argument. As a result, we affirm.

On June 11, 2017, around 7:05 p.m., Deputy Robert Chandler calculated Butler's yellow Dodge Viper was going 91 mph in a 65-mph zone. Chandler made a U-turn and

engaged his lights. It took Chandler about 3/4 of a mile to catch up to Butler, but then it took Butler another 1.5 miles to pull over. Chandler stated that the time it took Butler to pull over was odd compared to his previous experience.

Chandler then approached Butler, told him the reason for the stop, and asked for his driver's license and insurance. Butler dropped his insurance information into the side of the door and told Chandler that he had a hard time getting to his wallet while seated, so Butler asked if he could get out of the car. Chandler allowed Butler to get out of the car to get his wallet. Chandler stated that Butler was a bit slow getting out of the vehicle but that he did not have any difficulty getting out of the car. Butler then tried to give Chandler three cards—none of which had pictures on them—thinking they were his driver's license. Chandler again stated that this was odd.

During this exchange, Chandler noticed Butler slurred his speech and he could smell alcohol when Butler got out of the car. Chandler stated that he could smell the alcohol on Butler's breath from 3 feet away even though the wind was blowing toward Butler and away from Chandler. Chandler also observed Butler swaying while standing and that he also semi-rested against his car while talking to Chandler. Chandler then asked Butler if he had been drinking and Butler replied that he had three beers about three hours ago. Based on the slurred speech and confusion when Chandler would ask him to do things, like get his driver's license, Chandler believed Butler to be under the influence of drugs or alcohol.

At that point, Chandler waited for another deputy, Deputy William Quiala, to arrive on the scene. Butler got back in his car to wait. Deputy Quiala arrived about 10 minutes later. Chandler then told Butler he thought he was impaired and discussed the field sobriety tests. Because of the 30- to 35-mph wind, Chandler suggested that they go to the county jail to do the tests under a controlled environment. During this exchange, Chandler also requested a preliminary breath test (PBT) which Butler refused. Chandler then placed Butler into custody and took him to the jail to conduct the field sobriety tests.

2

Chandler did not perform an alphabet test or other dexterity tests at the scene because that is not their department's policy and they were trained to use the standardized field sobriety tests. At the jail, Butler submitted to an evidentiary breath test. His breath alcohol level measured 0.129.

On June 14, 2017, the State charged Butler with DUI and speeding. On November 15, 2017, Butler filed a motion to suppress the evidence obtained in leading to his arrest. On January 20, 2018, the trial court held a hearing on the motion to suppress. Chandler testified to the facts above. The State then played Deputy Quiala's body camera footage, marked State's Exhibit 1. Chandler testified that he had been wearing a recording device but that it did not start recording until after he and Butler were back behind the car. The trial court heard Chandler's testimony, watched the video, and heard the parties' arguments. The trial court denied Butler's motion to suppress.

In issuing its ruling, the trial court commented that the video had significant interference from the wind such that the trial court could not understand most of what was said. The trial court stated that it had to rely on Chandler's testimony that Butler slurred his speech. The trial court also stated that it saw a bit of difficulty when Butler got out of his car and that the difficulty could be interpreted in more than one way, but it was there. Ultimately, the trial court concluded that reasonable suspicion existed for the PBT and concluded that probable cause existed for the arrest.

On April 9, 2018, the trial court, after a bench trial on stipulated facts, found Butler guilty of DUI and speeding. On May 7, 2018, the trial court sentenced Butler to six months underlying jail time, a $1,250 fine, and costs and fees. The trial court granted Butler 12 months' probation and ordered that he serve 48 hours in jail and then 120 hours of house arrest. Butler timely appeals.

*Did the Trial Court Err in Denying Butler's Motion to Suppress?*

Butler argues that the trial court erred in denying his motion to suppress because there was not probable cause to support his arrest. Butler argues that the trial court incorrectly concluded that probable cause existed when it relied on only two factual findings: Chandler's testimony that Butler slurred his speech and its observation that Butler had trouble getting out of his car. Butler also argues that the trial court's two factual findings are not supported by substantial competent evidence. Butler argues that the evidence actually supports a finding that there was not sufficient probable cause for Butler's DUI arrest because the following uncontroverted facts existed:  that he was polite and cooperative, that he committed no other traffic infractions for the 2 miles that Chandler followed him, and that he did not complete any field sobriety tests before his arrest.

The State counters that Chandler had probable cause to arrest Butler. The State argues that this case is similar to *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431-32, 962 P.2d 1150 (1998), where the court concluded that probable cause existed to support the defendant's arrest for DUI based on the smell of alcohol on the defendant's breath, on his admission to drinking earlier, and on his glazed and bloodshot eyes. The State also argues that it presented other evidence at the suppression hearing that would support a probable cause finding, including the following:  his excessive speed, his failure to timely pull over, his odor of alcohol, his admission to drinking, and his confusion about insurance information. The State argues that while the trial court did not explicitly address these factors, they support a conclusion that the trial court was correct in its ruling.

When reviewing a trial court's decision on a motion to suppress, the appellate court applies a bifurcated analysis. First, the court assesses whether the factual findings below are supported by substantial competent evidence. Second, the court applies a de novo review to the ultimate legal conclusion. The defendant carries the burden of

4

establishing the necessary facts to support his or her suppression motion in the trial court, but the State bears the burden of proving the lawfulness of a search and seizure. *State v. Keenan*, 304 Kan. 986, 993, 377 P.3d 439 (2016).

Butler first argues that there is not substantial competent evidence to support the trial court's finding that Butler had trouble exiting his car and that he slurred his speech. In reviewing for substantial competent evidence, this court does not reweigh the evidence, assess the credibility of witnesses, or resolve conflicts in evidence. The appellate court normally gives great deference to the factual findings of the trial court. *State v. Douglas*, 309 Kan. 1000, 1002, 441 P.3d 1050 (2019). Here, the trial court acknowledged that there may be two interpretations of Butler's difficulty in getting out of his car, but the trial court ultimately determined that the difficulty supported a ruling of probable cause that Butler was DUI. Whether the difficulty was because of intoxication, as the State contended, or because of the car's height and Butler's age, as Butler contended, was a question of fact that the trial court resolved by weighing the evidence. In making its ruling, the trial court reviewed the video of the stop, which did show Butler having some difficulty while getting out of his car. Therefore, there was substantial competent evidence to support the trial court's finding that Butler had trouble getting out of his vehicle.

The same reasoning applies to the trial court's determination that Butler exhibited slurred speech. Butler argues that the video shows he did not slur his speech. But, as the trial court noted, the video did have significant interference from the wind making it hard to hear Butler's responses. But the video was not the only evidence presented concerning Butler's speech. Chandler testified that Butler slurred his speech and the trial court relied on that evidence. By relying on Chandler's testimony, the trial court made a credibility determination which an appellate court will not reassess. Therefore, there was substantial competent evidence to support the trial court's finding that Butler slurred his speech and had trouble getting out of his vehicle.

Butler then argues that the trial court incorrectly concluded that probable cause existed when it only relied on its two "limited" findings: Butler's slurred speech and Butler's difficulty getting out of his car. Butler argues that the other evidence in the record supports a finding that there was not sufficient probable cause for the arrest. For example, he contends that it was uncontested that he was polite and cooperative, that he committed no other traffic infractions, and that he did not complete any field sobriety tests before his arrest. But we reject Butler's assertions for multiple reasons.

First, Butler's contention that the trial court erred in concluding that probable cause existed based on limited factual findings and his argument that the trial court did not consider other factors that negate probable cause hinges on a contention that the trial court did not make adequate findings of fact. Nevertheless, a party must object to inadequate findings of fact before the trial court. *State v. Sanders*, 310 Kan. 279, Syl. ¶ 6, 445 P.3d 1144 (2019). If the party fails to object, then an appellate court can presume the trial court found all the facts necessary to support its judgment. 310 Kan. 279, Syl. ¶ 6. Therefore, while the trial court only explicitly stated two findings of fact, it is presumed to have found all other facts necessary to support its determination that probable cause existed to arrest Butler for DUI.

Second, Butler's argument that other evidence in the record supports a finding that Butler was not DUI fails because "competing evidence of sobriety does not negate initial evidence of intoxication." *State v. Edgar*, 296 Kan. 513, 524, 294 P.3d 251 (2013) (collecting cases that say same). Thus, simply because there are some factors that do not point to impairment does not mean that there cannot be a probable cause finding. Further, Butler does not cite any authority for his proposition that failing to provide field sobriety tests before arrest prohibits a finding of probable cause. In fact, some caselaw states that field sobriety testing is not necessary to establish probable cause. See, e.g., *State v. Ross*, No. 113,081, 2016 WL 3856847, at *6 (Kan. App. 2016) (unpublished opinion) (stating that law enforcement did not have to offer field sobriety tests before arrest because the outcome of field sobriety tests are not crucial to the determination of probable cause); see

also *State v. Huff*, 33 Kan. App. 2d 942, 945-46, 111 P.3d 659 (2005) (stating that field sobriety tests are just one tool that law enforcement can use to establish DUI). Thus, the ultimate question is whether the totality of the information constituted sufficient cause to arrest Butler for DUI.

An appellate court applies a de novo standard to determine if there was probable cause to arrest a defendant for DUI. See *Keenan*, 304 Kan. at 993. To lawfully arrest a person without a warrant, officers must have probable cause. *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012); see K.S.A. 22-2401(c). Probable cause must exist when the arrest occurs. *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013). "Probable cause to arrest is the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime." 297 Kan. at 222. The evidence supporting a probable cause finding does not have to prove guilt beyond a reasonable doubt or even that guilt is more probable than not. *Sloop*, 296 Kan. at 20.

The State argues that this court should look to *Campbell* because this court concluded that probable cause existed for a DUI arrest on facts similar to the instant case. Nevertheless, our Supreme Court stated that the probable cause standard used in *Campbell* "was overly generous" and that this court did not engage in a de novo review of whether probable cause existed but only determined if there was substantial competent evidence to support the trial court's finding. *Sloop*, 296 Kan. at 22-23. Thus, we cannot rely on *Campbell* to resolve this issue.

Instead, as stated earlier, the proper standard asks whether there is a reasonable belief from the totality of the information available to Chandler when he made the arrest that Butler was DUI. See *Johnson*, 297 Kan. at 222. Here, the trial court received evidence—which Butler did not dispute—of the following: (1) Chandler saw Butler speeding; (2) Butler continued to drive 1.5 miles before stopping his car, which Chandler stated was longer than most people take to stop their vehicle; (3) Butler tried to give

Chandler three cards that were not his driver's license and he seemed confused when trying to complete the task; (4) Chandler smelled the odor of alcohol on Butler's breath from 3 feet away even though the wind was blowing away from Chandler; and (5) Butler admitted to drinking three beers about three hours before the stop. Those undisputed facts combined with the trial court's findings that Butler exhibited slurred speech and had trouble getting out of his car established probable cause for Butler's DUI arrest.

In a similar case, this court determined that probable cause existed on many of the same factors. In *Homeier v. Kansas Dept. of Revenue*, No. 117,611, 2018 WL 2073518 (Kan. App. 2018) (unpublished opinion), the defendant argued that officers did not have probable cause to arrest him when they transported him to the sheriff's office to perform field sobriety tests. The court held that probable cause existed to support his arrest when he was placed into custody because of the following: he was speeding, he took longer than usual to respond to the officer's flashing lights, he had slurred speech, he had difficulty getting out of his vehicle, and he exhibited poor balance. 2018 WL 2073518, at *1, 4. Those same factors were present in Butler's case plus the additional factors of trouble presenting his driver's license and admitting to drinking three beers a few hours before the stop. Therefore, Chandler had probable cause to arrest Butler for DUI. Because there was probable cause for Butler's arrest, the trial court correctly denied his motion to suppress.

Affirmed.